FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT

★ JUN 18 2009

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

v.

ROBERT DEY,

          Defendant.

---

07-CR-725 (JBW)

Statement of Reasons Pursuant to
18 U.S.C. § 3553(c)(2)

**JACK B. WEINSTEIN, Senior United States District Judge:**

Under 18 U.S.C. § 3553(c), a sentencing court is required to "state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c). If, however, the sentence is not of the kind or is outside the range of the sentencing guidelines as referred to in section 3553(a)(4), the court is required to state the specific reasons for imposing a sentence different from the guidelines. 18 U.S.C. § 3553(c)(2). These "reasons must also be stated with specificity in the written order of judgment and commitment." Id. Even though the mandatory nature of the guidelines has been excised and they are now "advisory," see United States v. Booker, 543 U.S. 220, 245-46 (2005), the sentencing court must still adhere to the requirements set forth in 18 U.S.C. § 3553(c)(2). United States v. Jones, 460 F.3d 191, 197 (2d Cir. 2006).

The sentencing court's written statement of reasons need only be "a simple, fact-specific statement explaining why the guidelines range did not account for a specific factor or factors under § 3553(a)." United States v. Rattoballi, 452 F.3d 127, 138 (2d Cir. 2006). Such a statement should demonstrate that the court "considered the parties' arguments and that it has a reasoned basis for exercising its own legal decisionmaking authority." United States v. Cavera, 550 F.3d 180, 193 (2d Cir. 2008) (quoting Rita v. United States, 127 S.Ct. 2456, 2468 (2007)) (internal quotations and alterations omitted). Although a written statement of reasons pursuant to

1

18 U.S.C. § 3553(c)(2) is not necessary when the court imposes a guidelines sentence, the statement may nevertheless assist the reviewing court and the United States Sentencing Commission in understanding the reasons for the court's sentence.

On October 27, 2008, Robert Dey pled guilty to count three of a twelve-count superseding indictment which charged that between September 2005 and September 2007, the defendant, together with others, conducted, financed, managed, supervised, directed and owned all or part of an illegal gambling business of poker games, which operated in violation of New York State Penal Law §§ 225.05 and 20.00, involved five or more persons, remained substantially in operation for more than thirty days, and had a gross revenue of at least $2,000 in a single day, in violation of 18 U.S.C. § 1955.

Dey was sentenced on May 22, 2009. The proceeding was videotaped in order to develop an accurate record of the courtroom atmosphere during sentencing and the various in-court factors and considerations that a district court must evaluate in imposing a sentence under 18 U.S.C. § 3553(a). See In re Sentencing, 219 F.R.D. 262, 264-65 (E.D.N.Y. 2004) (utility on appeal).

At sentencing, the court found the total offense level to be ten and defendant's criminal history category to be one, yielding a guidelines range of imprisonment of between six and twelve months. The offense carried a maximum term of imprisonment of five years. See 18 U.S.C. 1955(a). The guidelines range of fine was from $2,000 to $20,000.

Dey was sentenced to five years probation, with the first six months to be served under home confinement. See U.S.S.G. § 5B1.1(a)(2). A fine of $10,000 was imposed, payable within one year. Interest will accrue if it is unpaid after one year. A $100 special assessment was imposed.

Respectful consideration was given to the sentencing guidelines, the Sentencing Commission's policy statements and all other factors listed under 18 U.S.C. § 3553(a) to ensure that the sentence is "sufficient, but not greater than necessary, to comply with the purposes" of sentencing. 18 U.S.C. § 3553(a). A sentence within the guidelines range is appropriate in this case. See 18 U.S.C. § 3553(a)(4)(A).

The court considered the "nature and circumstances of the offense and the history and characteristics of the defendant." See 18 U.S.C. § 3553(a)(1). While the offense is serious, the defendant is the primary caregiver for his children and demonstrated a good work history prior to his becoming disabled due to being hit by a car. A sentence of five years probation reflects the seriousness of the offense, will promote respect for the law and provide just punishment. See 18 U.S.C. § 3553(a)(2)(A).

Under section 3553(a)(2)(B), there are two major considerations: specific and general deterrence. General deterrence is satisfied with the sentence imposed. The sentence will send a message that involvement in illegal gambling will result in serious consequences. Specific deterrence is not a primary concern as it is unlikely that he will commit further crimes in light of his family responsibilities.

Jack B. Weinstein
Senior United States District Judge

Dated: June 16, 2009
Brooklyn, New York